Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ÁNGEL LUIS ROQUE RIVERA<br><br>Peticionario | TA2025CE00595 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Casos Núm.:<br>G OP2025G0003<br>G OP2025G0004<br>G1TR202500119<br>G1TR202500120<br>G1CR202500042<br>G1CR202500043<br><br>Sobre:<br>Arts. 245 (2c) CP<br>Arts. 3.23 y 7.02<br>Ley 22<br>Arts. 246(A) (2c) CP |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de octubre de 2025.

Comparece Ángel L. Roque Rivera (en adelante, peticionario) mediante una *Petición de certiorari,* para solicitarnos la revisión de la *Resolución* emitida, el 24 de septiembre de 2025, y notificada el día 30, del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Guayama.[1] Mediante la *Resolución* recurrida, el foro primario declaró *Sin Lugar* una solicitud de desestimación al amparo de la Regla 64 (n)(4) de Procedimiento Criminal,[2] presentada por el peticionario.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de c*ertiorari.*

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a las Entrada 1, Apéndice 2.
[2] 34 LPRA Ap. II, R. 64.

I

El presente caso inicio cuando, allá para el 13 de mayo de 2025, se radicaron dos (2) denuncias contra el peticionario por la alegada comisión del delito grave de empleo de violencia e intimidación contra la autoridad pública.[3] En esa misma fecha, se presentaron otras cuatro (4) denuncias en contra de este por la alegada comisión de los siguientes delitos de carácter menos grave: (i) resistencia u obstrucción a la autoridad pública;[4] (ii) manejo de vehículo de motor bajo los efectos de bebidas embriagantes,[5] y (iii) uso ilegal de licencia de conducir.[6] Celebrada la vista de causa probable para arresto, el tribunal de instancia determinó causa en todas las denuncias.[7] En vista de que las primeras dos (2) acusaciones eran de carácter grave, se señaló vista preliminar.[8] Asimismo, luego de examinado el Informe con las recomendaciones de la Oficina de Servicios con Antelación al Juicio, se dejó al peticionario en libertad, bajo custodia de tercero.

Celebrada la vista preliminar, el 11 de junio de 2025,[9] se determinó que existía causa probable para creer que el imputado había cometido los delitos del Artículo 245 del Código Penal,[10] es decir, violencia e intimidación contra la autoridad pública. Así, pues, se señaló el juicio en su fondo para el 21 de julio de 2025.

Luego, el 30 de junio de 2025, se celebró el acto de lectura de acusación para los casos G OP2025G0003 y G OP2025G0004.[11] En esa misma vista, se les concedió a las partes del título un término

---

[3] Artículo 245 del Código Penal de Puerto Rico 2012 (Código Penal), 33 LPRA sec. 5335. Casos Núm. G OP2025G0003 y G OP2025G0004. Véase SUMAC TA, Entrada Núm. 1, Apéndice 3.

[4] Artículo 246 del Código Penal, *supra,* 33 LPRA sec. 5336. Caso Núm. G1CR202500042 y G1CR202500043.

[5] Artículo 7.02 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley 22-2000, 9 LPRA sec. 5202. Caso Núm. G1TR202500120.

[6] Artículo 3.23 de la Ley 22-2000, *supra,* 9 LPRA sec. 5073. Caso Núm. G1TR202500119.

[7] Véase Autos Originales del Tribunal de Primera Instancia (TPI).

[8] *Íd.*

[9] Véase Autos Originales del TPI.

[10] 33 LPRA sec. 5335.

[11] Véase Minuta de la vista del 30 de junio de 2025, en los Autos Originales del TPI.

de veinte (20) días para presentar cualquier escrito, incluyendo el descubrimiento de prueba.

De ahí, el 7 de julio de 2025, el peticionario presentó una primera *Moción de desestimación al amparo de la Regla 64(a) y/o 64(p) de las de Procedimiento Criminal.*[12] Alegó que las acusaciones por las dos (2) infracciones al Artículo 245 del Código Penal no imputaban delito.[13] En consecuencia, solicitó la desestimación de las referidas acusaciones al amparo de la Regla 64(a) de Procedimiento Criminal. En la alternativa, peticionó la desestimación de estas al amparo de la Regla 64(p), por entender que no se encontró causa conforme a derecho.

En reacción, el 11 de agosto de 2025, el Ministerio Público instó una *Moción en oposición a "Moción de desestimación al amparo de la Regla 64(a) y/o 64(p) de las de Procedimiento Criminal".*[14] Arguyó que, contrario a lo planteado por el peticionario, a su juicio, se había encontrado causa conforme a derecho, por lo que procedía que la moción de desestimación se declara no ha lugar de plano.

Evaluados los escritos, el 18 de agosto de 2025, el foro de instancia emitió *Resolución*, notificada el día 20, del mismo mes y año, mediante la cual declaró *Con Lugar* la solicitud del peticionario.[15] En consecuencia, ordenó la desestimación de las acusaciones contenidas en los casos G OP2025G0003 y G OP2025G0004.

Subsiguientemente, el 21 de agosto de 2025, se celebró una vista de estado de los procedimientos en la cual el Ministerio Público informó que estaría presentando una moción de reconsideración por estar en desacuerdo con la desestimación de las acusaciones de los casos G OP2025G0003 y G OP2025G0004.[16] Así, pues, se señaló

---

[12] SUMAC TA, Entrada Núm. 1, Apéndice 4.
[13] 33 LPRA sec. 5335.
[14] SUMAC TA, a la Entrada Núm. 1, Apéndice 6.
[15] *Íd.*, Apéndice 7.
[16] Véase Minuta de la vista del 21 de agosto de 2025, en los Autos Originales del TPI.

otra vista de estatus para el 24 de septiembre de 2025, por lo cual el peticionario hizo constar que no estaba renunciando a ninguno de sus derechos.[17]

Según fue informado en la vista, el 5 de septiembre de 2025, el Ministerio Público incoó una *Moción de reconsideración.*[18] Acotó que el tribunal incidió al determinar que procedía la desestimación de las acusaciones por violación al Artículo 245 del Código Penal.[19] Ello, puesto a que insistió que no había duda de que, en este caso, el peticionario utilizó fuerza e intimidación contra la autoridad pública, por lo que se configuraron los elementos del delito. Dado a lo anterior, solicitó al tribunal de instancia que reconsiderara el dictamen desestimatorio.

En reacción, el 8 de septiembre de 2025, el peticionario presentó una *Moción solicitando se rechace reconsideración por presentación y notificación tardía.*[20] En el escrito, acentuó que la resolución sobre la cual el Ministerio Público solicitó reconsideración fue notificada el 20 de agosto de 2025, por lo que el término para solicitar reconsideración venció el 4 de septiembre de 2025. Arguyó que, dado a que la referida moción fue presentada luego de vencido el término de cumplimiento estricto y no fue notificada hasta ese mismo 8 de septiembre, la misma era tardía. Por otro lado, subrayó que de la moción no surgía excusa alguna que justificara el haber incumplido con el aludido término. A tenor, solicitó al foro primario que rechazara la reconsideración peticionada por el Ministerio Público.

En respuesta, mediante *Resolución,* emitida el 10 de septiembre de 2025, y notificada el día 15, del mismo mes y año, el

---

[17] No se desprende de los autos que el peticionario hubiese presentado oposición a que la vista de estatus se celebrara en la fecha del 24 de septiembre de 2025.
[18] SUMAC TA, a la Entrada Núm. 1, Apéndice 8.
[19] 33 LPRA sec. 5335
[20] SUMAC TA, a la Entrada Núm. 1, Apéndice 9.

tribunal de instancia declaró *Sin Lugar* la moción de reconsideración, así como el escrito incoado por el peticionario.[21]

Pasados unos días, el 16 de septiembre de 2025, el peticionario interpuso una <u>segunda</u> *Moción de desestimación al amparo de la Regla 64(n)(4) de las de Procedimiento Criminal.*[22] Adujo que el término de ciento veinte (120) días para celebrar juicio sobre los cargos menos graves venció el 10 de septiembre de 2025. Razonó que el hecho de que los referidos cargos se hubiesen tramitado en conjunto con los graves no era justa causa para que el juicio se demorara más allá del término señalado. Por otro lado, planteó que la dilación en el trámite del caso no podía ser atribuida a la defensa, como tampoco se podía entender que esta había consentido expresa o explícitamente a que se dilataran los procedimientos. Manifestó, además, que, independientemente de los problemas que tuvo el Ministerio Público para ver el juicio de los cargos graves, pudo haber solicitado que se celebrara el juicio de los menos graves de manera independiente, pero no lo hizo. A tenor, solicitó la desestimación de las denuncias en los casos G1CR202500042; G1CR202500043; G1TR202500119, y G1TR02500120.

Entretanto, el 24 de septiembre de 2025, se celebró la vista sobre el estado de los procedimientos previamente señalada y se aprovechó para discutir la procedencia de la moción de desestimación presentada por el peticionario.[23] En cuanto a esta moción, el Ministerio Público esbozó que no debía ser concedida puesto a que los procesos habían quedado paralizados cuando el peticionario interpuso la <u>primera</u> solicitud de desestimación, por lo que ahora no podía ampararse en la defensa de juicio rápido.[24]

---

[21] SUMAC TA, a la Entrada Núm. 1, Apéndice 10.
[22] *Íd.*, Apéndice 11.
[23] Véase Minuta de la vista del 24 de septiembre de 2025, en los Autos Originales del TPI.
[24] Grabación de la vista de estado procesal del 24 de septiembre de 2025, min. 03.00- 03.28.

Escuchado el argumento del Ministerio Público, el tribunal denegó la solicitud de desestimación en corte abierta.[25] Por consiguiente, el peticionario solicitó que se emitiera la determinación por escrito para poder recurrir.[26]

De ahí, mediante *Resolución* emitida el 24 de septiembre de 2025, notificada el 30 de septiembre de 2025,[27] el foro *a quo* declaró S*in Lugar* la solicitud de desestimación al amparo de la Regla 64(n)(4) incoada por el peticionario, y ordenó la continuación de los procedimientos.[28]

En desacuerdo, el 9 de octubre de 2025, el peticionario compareció mediante una *Petición de certiorari* en la cual esbozó los siguientes cinco (5) señalamientos de error:

> PRIMER ERROR: El Honorable Tribunal de Primera Instancia, Sala Superior de Guayama, **erró al declarar Sin Lugar una moción de desestimación al amparo de la Regla 64(n)(4) de Procedimiento Criminal en los casos G1CR202500042; GICR202500043; G1TR202500119; y G1TR202500119 sin consignar por escrito los fundamentos de su determinación.**

> SEGUNDO ERROR: El Honorable Tribunal de Primera Instancia, Sala Superior de Guayama, **erró al declarar Sin Lugar una moción de desestimación al amparo de la Regla 64(n)(4) de Procedimiento Criminal en los casos G1CR202500042; G1CR202500043; G1TR202500119; y G1TR202500119 sin que el Ministerio Público la existencia de justa causa para la demora.**

> TERCER ERROR: El Honorable Tribunal de Primera Instancia Sala Superior de Guayama, **erró al declarar Sin Lugar una moción de desestimación al amparo de la Regla 64(n)(4) de Procedimiento Criminal en los casos G1CR202500042; G1CR202500043; G1TR202500119; y G1TR202500119 en alguna manera atribuyendo al acusado la razón de la demora.**

> CUARTO ERROR: El Honorable Tribunal de Primera Instancia, Sala Superior de Guayama, **erró al declarar Sin Lugar una moción de desestimación al amparo de la Regla 64(n)(4) de Procedimiento Criminal en los casos G1CR202500042; G1CR202500043; G1TR202500119; y G1TR202500119 sin reconocer que los términos de juicio rápido en cada caso corren de manera individual**

---

[25] Grabación de la vista de estado procesal del 24 de septiembre de 2025, min. 03.29-03.36.

[26] *Íd.*, min. 03.37-03.42.

[27] SUMAC TA, a la Entrada Núm. 1, Apéndice 2.

[28] En cuanto a los casos G OP2025G0003 y G OP2025G0004, se señaló la vista preliminar en alzada para el 15 de octubre de 2025 a las 2:00 p.m., en el salón de sesiones 306; mientras que, en relación con los casos G1TR202500119; G1TR202500120; G1CR202500042, y G1CR202500043, en igual fecha, se señaló vista sobre el estado de los procedimientos, pero a las 2:30 p.m., en el salón de sesiones 308.

**como fuera resuelto por el Tribunal Supremo de Puerto Rico en Pueblo v. De Jesús Rivera, 156 DPR 136 (2002).**

QUINTO ERROR: El Honorable Tribunal de Primera Instancia, Sala Superior de Guayama, **erró al declarar Sin Lugar una moción de desestimación al amparo de la Regla 64(n)(4) de Procedimiento Criminal en los casos G1CR202500042; G1CR202500043; G1TR202500119; y G1TR202500119 sin determinar que las verdaderas razones para la dilación de los procedimientos son atribuibles al Ministerio Público.**[29]

En la misma fecha en que se presentó el recurso, el peticionario interpuso una *Moción en auxilio de jurisdicción.*

Mediante *Resolución,* emitida el 10 de octubre de 2025, ordenamos la paralización de los procedimientos, así como ordenamos al foro de instancia a remitirnos los autos originales relacionados al caso del título y un enlace con la grabación de la vista celebrada el 24 de septiembre de 2025. Por otro lado, concedimos a la parte recurrida hasta el 20 de octubre de 2025, para expresarse en torno al recurso. En cumplimiento con lo ordenado, el foro de instancia nos remitió el enlace con la grabación de la vista. De igual forma, recibimos los autos originales del caso ante el foro primario.

El 20 de octubre de 2025, compareció la parte recurrida mediante *Moción de relevo de resolución y solicitud de remedio.* Adujo, en síntesis, que el recurso debía ser desestimado por incumplimiento del peticionario con el Reglamento de esta Curia. Fundamentó su postura en que es al peticionario a quien le corresponde colocar en posición a este Tribunal para determinar si ostenta jurisdicción para atender y revisar la determinación objeto de revisión. Por otro lado, dado al referido incumplimiento, pero, para poder presentar su postura se hacía necesario solicitar la regrabación de las vistas previas a la del 24 de septiembre de 2025, gestión que realizó los días 14 y 17 de octubre de 2025. A tenor,

---

[29] Énfasis en el original.

solicitó extensión al término dispuesto para comparecer a presentar su postura.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.[30] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de Certiorari ante nos.

II

### A. La Expedición del Auto de *Certiorari* en Casos Criminales

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales de jerarquía inferior.[31] Así, pues, mediante el recurso discrecional del *certiorari* se viabiliza el derecho anteriormente subrayado.[32] Como corolario de lo antes expuesto, nuestro Tribunal Supremo ha manifestado que la parte afectada por alguna orden o resolución interlocutoria en un proceso criminal, puede presentar un recurso de *certiorari,* a través del cual apele el dictamen interlocutorio del foro primario.[33]

Establecido lo anterior, precisa señalar que la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime los criterios que este Tribunal deberá considerar para expedir un auto de *certiorari.* Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[30] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[31] *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378, 382 (2015); *García Morales v. Mercado Rosario,* 190 DPR 632, 638 (2014).
[32] *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).
[33] *Pueblo v. Román Feliciano,* 181 DPR 679, 690 (2011).

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan–un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[34]

Ahora bien, huelga acentuar que la discreción que tienen los foros apelativos para expedir un auto de *certiorari* no es irrestricta.[35] En otras palabras, "los jueces, so pretexto de ejercer su discreción, no pueden olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia".[36] Así, pues, los criterios fijados por la antes señalada Regla 40, ayudan al tribunal revisor intermedio a ejercer prudentemente su discreción y decidir si atiende en los méritos el recurso.[37] De otra parte, conviene tener presente que los tribunales apelativos solo pueden sustituir el criterio del foro primario cuando existen circunstancias que prueben que actuó con pasión, perjuicio o parcialidad, incurrió en craso abuso de discreción o error manifiesto.[38]

### III

En el presente caso, el peticionario del título nos convida a concluir que el foro primario erró al declarar *Sin Lugar* una moción de desestimación presentada por este al amparo de la Regla 64(n)(4) de Procedimiento Criminal. En síntesis, plantea que el Ministerio Público debió haber demostrado justa causa para la demora en la

---

[34] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[35] *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).
[36] *Pueblo v. Rivera Montalvo*, supra, a la pág. 372. citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 214 (1990). (Cita depurada).
[37] *Pueblo v. Rivera Montalvo*, supra, a la pág. 372.
[38] *Íd.*, a la pág. 373.

celebración del juicio, puesto a que fue quien causó la dilación de los procedimientos. Por otra parte, destaca que los términos de juicio rápido corren de manera individual, pese a que los casos estén consolidados. Asimismo, expresa que, de ninguna manera, se le podía atribuir la demora en los procedimientos y que el tribunal *a quo* debió haber consignado por escrito los fundamentos de su determinación.

Sabido es que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[39] Conforme expusimos previamente, la parte afectada por una orden o resolución emitida en un proceso criminal, si así lo requiere, puede presentar un auto de *certiorari* a los fines de apelar el dictamen interlocutorio del foro primario.[40] Ahora bien, es preciso reiterar que el *certiorari* queda enmarcado dentro de la normativa que le concede deferencia a las actuaciones del Tribunal de Primera Instancia, por tanto, el Tribunal de Apelaciones únicamente podrá intervenir con un dictamen interlocutorio emitido por el foro primario si se ancla en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[41]

Con lo anterior en mente nos dimos a la tarea de examinar el derecho aplicable, así como de estudiar con detenimiento la totalidad del expediente ante nuestra consideración incluyendo, además, la grabación de la Vista del 24 de septiembre de 2025 y los autos originales del caso. Luego del referido examen, este Tribunal concluye que el peticionario no logró demostrar que el foro primario hubiese incurrido en error alguno, que justifique nuestra intervención en este caso. Entiéndase, que los señalamientos de

---

[39] *Hernández Jiménez et al. v. AEE et al.*, supra, a la pág. 382; *García Morales v. Mercado Rosario*, supra, a la pág. 638.
[40] *Pueblo v. Román Feliciano*, supra, a la pág. 690.
[41] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por tanto, coincidimos en que el dictamen recurrido encuentra cómodo resguardo en la sana discreción de la primera instancia judicial. Además, razonamos que el peticionario no nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia.

Por todo lo antes mencionado, no atisbamos razón para intervenir con la determinación recurrida. En consecuencia, y en virtud de la Regla 40 del Reglamento de este Tribunal,[42] resolvemos *denegar* la expedición del auto de *certiorari*.

Lo aquí resuelto, advertimos, no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos.[43] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[44]

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari*. En consecuencia, se deja sin efecto la paralización de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[42] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.
[43] *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12 (2016).
[44] *SLG v. Pauneto Rivera*, 130 DPR 749, 755 (1992).